*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLIE T. MALLAD,

                Plaintiff-Appellant/Cross-Appellee,

v

LEFTY'S HOLDINGS, LLC, LEFTY'S
CHEESESTEAKS FRANCHISING, LLC, NAYFE
BERRY, SAM HUSSEIN BERRY, and SHADY
ABULHASSAN,

                Defendants-Appellees/Cross-
                Appellants.

UNPUBLISHED
October 10, 2025
9:49 AM

No. 368913
Wayne Circuit Court
LC No. 23-001832-CB

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

MURRAY, J. (*concurring*).

        I concur with the majority opinion on its resolution of the substantive issues, but write separately to address one point regarding the timing for deciding motions to compel arbitration.

        MCL 691.1686(4) states that "[i]f a party to a judicial proceeding challenges the existence of, or claims that a controversy is not subject to, an agreement to arbitrate, the arbitration proceeding may *continue* pending final resolution of the issue by the court, unless the court otherwise orders." (Emphasis added.) That provision seems to be addressing a situation where an arbitration is already underway and a party files a motion seeking to stop the arbitration because no agreement exists, which is not what occurred here. Instead, MCL 691.1687(1) seems to apply, as it addresses what a court should do when a party files a motion seeking to enforce an arbitration agreement that another party refuses to comply with. It states:

        (1) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate under the agreement, the court *shall* do both of the following:

        (a) If the refusing party does not appear or does not oppose the motion, order the parties to arbitrate.

(b) *If the refusing party opposes the motion, proceed summarily to decide the issue* and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate. [Emphases added.]

This statutory provision addresses the situation presented here, i.e., where one side (defendants) argued that the other side's (plaintiff's) claims are subject to an existing arbitration agreement, which plaintiff opposed. In that situation, the court must "proceed summarily" to decide the legal issue and, unless there is no enforceable agreement, must then send the parties to arbitration. MCR 3.602(B)(2) is consistent with MCL 691.1687, and both the statute and court rule are in harmony with the settled law that a court can only compel arbitration on a party to an arbitration agreement, as arbitration is a matter of contract. *Legacy Custom Builders, Inc v Rogers*, 345 Mich App 514, 523; 8 NW3d 207 (2023).

As the majority opinion correctly concludes, because plaintiff's motion was procedurally deficient, the court was acting within its discretion to deny the motion and we need not definitively resolve this timing question.

/s/ Christopher M. Murray